27 C.C.P.A. (Patents)

**In re LUECK.**
**Patent Appeal No. 4227.**

Court of Customs and Patent Appeals.
Jan. 4, 1940.

264

Ralph W. Brown, of Milwaukee, Wis., for appellant.

Howard S. Miller, of Washington, D. C., for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

Appellant filed application for patent in the United States Patent Office relating to "Non-Refillable Bottle." The examiner allowed four claims of the application but rejected a number of others for lack of invention over prior art cited. As to six of those so rejected appeal was taken to the Board of Appeals which affirmed the examiner's rejection, and from the board's decision appeal was taken to this court as to three of the rejected claims, these being numbered, respectively, 13, 14, and 15. Of these we quote numbers 13 and 15.

"13. A non-refillable attachment for bottles comprising a ported housing, a bouyant valve moveable therein to control the passage of liquid therethrough, a member provided with a ball receiving recess surrounded by a rim, and a relatively heavy ball confined and suspended out of contact with said housing by and between said rim and valve to effect a closing pressure on said valve, the center of gravity of said ball being disposed between said rim and valve in all positions of the bottle."

"15. A non-refillable attachment for bottles comprising a ported housing for application to a bottle outlet, a bouyant valve moveable therein to control passage of liquid therethrough, a ball retainer, a relatively heavy ball confined and suspended out of contact with said housing by and between said retainer and said valve to effect a closing pressure on said valve, said retainer having means forming a fulcrum with which said ball engages in all tilted positions of the bottle and upon which said ball is rockable into or out of pressure in-

ducing relation with said valve upon tilting the bottle upward or downward through a predetermined inverted angular position, and means maintaining said valve spaced from the walls of said housing to provide a passageway for the discharge of liquid from the bottle when the bottle is tilted downward beyond said predetermined angular position, the inclination of the bottle when tilted downward into or beyond said predetermined angular position being sufficiently steep to assure upward closing movement of said valve by the buoyant action of liquid entering said housing from an external source."

The following references were cited: Schoenmehl, 527,161, Oct. 9, 1894; Langley, 578,996, Mar. 16, 1897; Reddick, 1,072,497, Sept. 9, 1913.

The board's decision contains the following: "As described and shown in the drawing, the structure comprises a buoyant valve 16, a heavy ball 20 and a ball retainer comprising the cup-shape disk 21 having the recess or pocket 22. The rim 23 on this pocket portion serves to limit lateral displacement of the ball and when the bottle is tilted provides a shoulder or fulcrum on which the ball is free to rock out of or into pressure contact with the valve when the bottle is tilted into or out of pouring position."

Appellant's brief, after giving a detailed description of his claimed invention and describing its operation, states:

"The novel features of applicant's device, by which these new results are obtained, are primarily (1) the use of the rim 23 as a fulcrum about which the ball 20 has a rocking action rather than rolling to and from the valve 16; (2) the confinement of the ball 20 so that it remains perched upon the fulcrum in all angular positions of the bottle; and (3) the maintenance of the center of gravity of the ball 20 between the rim 23 and the valve, in all angular positions of the bottle.

"The rejected claims 13, 14, and 15 are directed to this novel relation between the ball 20, the fulcrum 23, and the valve 16, by which the novel function and effect above described are attained."

The examiner rejected claim 13 on Langley in view of Schoenmehl, claim 14 on Langley alone, and claim 15 on Langley in view of Reddick. The board affirmed the rejection on the grounds stated by the examiner, referring with respect to claim 15

to the Schoenmehl patent also. The board did not, however, specifically discuss claim 14, and its rejection, without stating reasons therefor, is assigned as error in appellant's reasons of appeal.

█ It may be added that the examiner, so far as the record before us shows, did not specifically apply any feature of the Langley patent to any limitation in claim 14. He merely said: "Claim 14 is rejected as met in the patent to Langley." This fact and the failure of the board to discuss the claim (except to recite its number among those appealed) are not here regarded as of any consequence, however, because appellant's brief states that "Claim 15 contains every element that was included in claim 14." Obviously, therefore, a ground of rejection applicable to any feature of claim 15 would apply to that feature where expressed in claim 14.

Throughout appellant's brief there are references to the *shallowness* of the recess provided for receiving the ball described, it being urged that this is a material factor. The word "recess" appears only in claim 13, supra, although it is described in different terms in the other appealed claims, but the claims do not specify anything as to shallowness. That the patent to Langley discloses a recess in which a ball is received is conceded, but it is deeper than the recess shown in appellant's drawings. The patent to Schoenmehl shows a "seat" for the purpose of retaining a ball upon a valve and the drawing discloses this seat in arched form with a recess, apparently shallower than that shown by appellant, between the seat and the ball. We agree with the tribunals of the Patent Office that it did not involve invention to reduce the depth of the recess as shown by Langley, particularly in view of the showing by Schoenmehl.

In the rejection of claim 15, the tribunals of the Patent Office discussed the relationship between the ball, the fulcrum, and the valve, alluded to in the quotation from appellant's brief, supra.

It is conceded that the valve shown by Langley differs from that of appellant. The examiner so stated, but said: "The specific valve is seen in Reddick who shows the use of longitudinal ribs as a valve guide and a floating valve to seat on a center port in the inner end of the housing."

He held that there would be no invention in substituting Reddick's valve for the valve of Langley.

The board said: "It is * * * considered that it would be unpatentable to substitute the buoyant valve of Langley or that of Reddick for the corresponding valve structure in the Schoenmehl organization * * *."

It is insisted by appellant that his claim 15 "goes far beyond anything taught by either Langley or Reddick" and distinguishes from both those patents by the last so-called element (which is not in claim 14), reading—"the inclination of the bottle when tilted downward into or beyond said predetermined angular position being sufficiently steep to assure upward closing movement of said valve by the buoyant action of liquid entering said housing from an external source."

It is further urged that "the patent to Langley does not show a structure having a critical valve closing angle so steep as to insure floating of the valve into place," and, in substance, that the great improvement of appellant's device in this respect is that his valve will both open and close through action of the ball at a single critical angle so steeply inverted as to be well within the range where the valve may float of its own accord into closed position.

█ As to these contentions it must be borne in mind that claim 15 is for structure (just as are claims 13 and 14), and patentability must be found in the structure, not in the method of its operation or in the results obtained.

█ Our study of appellant's structure in comparison with the relevant structural features of the prior art patents, all of which are in the "non-refillable bottle" field, leads us to the conclusion that he has not made any changes in structure or in arrangement which meet the test of invention.

The decision of the Board of Appeals is affirmed.

Affirmed.